CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 3 1 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **OCTAVIUS BENTLEY,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:09CV00253** |
| **v.** | ) | **MEMORANDUM OPINION** |
| **GENE M. JOHNSON, ET AL.,** | ) | **By: Glen E. Conrad** <br> **United States District Judge** |
| **Defendant.** | ) | |

Plaintiff Octavius Bentley, a Virginia inmate proceeding pro se, brings this action as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint and his recently submitted amendment, Bentley alleges that two administrators of the Virginia Department of Corrections ("VDOC") violated his right to fully practice his religion and discriminated against him because of his segregation status by allowing general population inmates to order Jewish Matzo crackers, but prohibiting segregation inmates from doing so. Because Bentley's complaint as amended fails to state the facts on which his claims against each of the defendants are based, after he was granted an opportunity to amend to correct this deficiency, the court finds that this action should be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

Bentley filed his § 1983 complaint on or about June 25, 2009. He named Gene Johnson and John Jabe, both administrators of the VDOC in Richmond. Bentley's complaint form listed only the following conclusory claims:

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

> Defendants violated his RLUIPA 42 U.S.C. § 2000 right(s) by failing to let him fully pra[c]tice his religion by participation [and] belief.[2]
>
> Defendants violated plaintiff(s) 14th Amendment by discriminating against him by allowing [VDOC] general population order Jewish Matzo crackers but discriminating against plaintiff(s) AD. Seg. status.
>
> Defendants violated plaintiff(s) 8th Amendment by using his Add.Min. Status (Ad. Seg.) to deprive him of religious dignity [and] individually as punishment against his 14th Amendment right(s).

The complaint did not include any statement of the events about which Bentley was complaining, give any description of his religion or why Matzo crackers were necessary to practice of his religious beliefs, or state what actions each of the defendants had allegedly taken in violation of his religious rights. As relief, Bentley stated that he wanted declaratory and injunctive relief, monetary damages,[3] and release from segregated confinement. Bentley attached a small stack of inmate complaint forms, grievances, appeal responses, and a staff memo, regarding complaints that in April 2008 and April 2009, inmates in segregated confinement at Red Onion State Prison did not receive Matzo crackers in accommodation of their religious beliefs and could not purchase them from the commissary as general population inmates could during Passover.

The court filed the complaint conditionally and informed Bentley that because he had not stated sufficient facts in support of his claims, his complaint would be dismissed without prejudice if he failed to amend to correct this deficiency. Specifically the court informed him:

> Plaintiff names prison officers in the heading of his complaint, but does not allege facts connecting these officers to the conduct of which he complains. Moreover, his complaint does not provide sufficient detail to allow defendants to respond. Plaintiff is advised that the complaint itself must state the facts on which he is basing his claim; attachments to the complaint may be offered as proof of the facts stated in the complaint, but may not substitute as the complaint and statement of claims. The court hereby grants plaintiff twenty (20) days in which to amend his complaint to correct these deficiencies. His motion to amend should [ ] allege

---

[2] Bentley is apparently referring to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5.

[3] The United States Court of Appeals for the Fourth Circuit has recently held that RLUIPA does not authorize claims for money damages against an official who is sued in her individual capacity in reliance on the Spending Clause facet of the statute. Rendelman v. Rouse, ___F.3d___, No. 08-6150, 2009 WL 1801530, *6 (4th Cir. June 25, 2009).

specific facts concerning actions undertaken by each defendant in violation of plaintiff's rights and should include more details about his claims, including but not limited to: his religion, why Matzo crackers during Passover are important to practice of his religion, dates on which he requested accommodation of his religious beliefs, responses he received, the dates of the events about which he is complaining, how the alleged violations of his rights affected his religious practice, and what sort of injunctive relief he seeks. **FAILURE TO AMEND SATISFACTORILY WITHIN THE TIME ALLOTTED MAY RESULT IN DISMISSAL OF THE ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM.**

(Order ¶ 3, July 7, 2009.)

On July 22, 2009, Bentley submitted an amendment in an apparent attempt to comply with the court's conditional filing order. The motion to amend names three new defendants, Larry Huffman, John S. Carman and R. W. Rowlette, states that Bentley is Jewish, mentions Passover, and states that Huffman, Carman, and Rowlette violated his rights because they did not correct constitutional violations during his administrative appeal process. The motion also makes a specific statement of the amount of monetary damages he seeks and specifies the prospective relief he seeks.[4] It does not make any statement of facts about what happened and when, why and how his religious beliefs require him to receive Matzo crackers during Passover, or specifically what actions each of the defendants took in violation of his rights.

## Discussion

Bentley's motion to amend thus does not comply with the court's order. Nor does the complaint as amended comply with Federal Rules of Civil Procedure 8(a), which governs the elements that a civil complaint must include.[5] A key component of a civil complaint is "a short

---

[4] For example, he wants defendants to "stop . . . prohibiting plaintiff [from both purchasing or receiving] Matzo cracker(s) . . . which his Jewish tenet(s) and practice and observance mandates" and to stop "using his segregation status to punish his religious rights."

[5] Rule 8(a) reads, in pertinent part, as follows:
(a) Claim for Relief. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

- 3 -

and plain statement of the claim showing that the pleader is entitled to relief" (emphasis added). This provision requires that a civil plaintiff must state not only the legal conclusion that he believes he can prove against the defendant, but also must state facts "showing" what the defendant did that allegedly violates plaintiff's rights. As the court informed Bentley in the July 7 order, his stack of attachments is not a substitute for the requirement that the complaint state the facts on which his claims are based. The defendants cannot be expected to guess from the attached grievances what events in what year Bentley is referencing when he claims his rights have been violated. They cannot be expected to defend against a claim built on legal conclusions, but no chronology of facts.

Moreover, the few factual details provided in the complaint, the attachments, and the amendment are not sufficient to state any actionable claims under the Constitution or RLUIPA. First, plaintiff fails to demonstrate that his Jewish beliefs require him to have Matzo crackers for Passover. Perhaps this food item is consistent with dietary requirements that Jews must follow during the celebration of Passover. However, Bentley does not explain why being without Matzo crackers for this period constitutes a substantial burden on his ability to exercise his religious beliefs in light of the other dietary accommodations that prison officials have made for Jewish inmates, as described in his own documentation. The mere fact that he desires Matzo crackers is not sufficient proof that his lack of this food places a substantial burden on his religious practice, a showing he must make in order to state a claim under the First Amendment or RLUIPA. See 42 U.S.C.A. § 2000cc-1(a)(1)-(2) (stating that RLUIPA prohibits governments from taking actions that impose a "substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government demonstrates that imposition of that burden furthers "a compelling governmental interest" by "the least restrictive means"); O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (holding that a prison policy that substantially burdens inmate's ability to practice his religious beliefs withstands a First Amendment challenge so long

as it is rationally related to a legitimate governmental interest). As Bentley's submissions fail to allege facts demonstrating that the defendants' actions have substantially burdened his ability to exercise his religious dietary beliefs, he fails to state any actionable claims under the First Amendment or RLUIPA. Therefore, this aspect of his complaint must be dismissed without prejudice, pursuant to § 1915A(b)(1).

Bentley also fails to allege facts stating any claim that his right to equal protection is violated by Red Onion's current regulation prohibiting segregation inmates from having Matzo crackers, although general population inmates are allowed to purchase these items. To prove an equal protection claim, an inmate plaintiff must first state facts showing that he has been or is being treated differently than other inmates in circumstances similar to his own and that this difference in treatment is not rationally related to any legitimate penological interest. Moss v. Clark, 886 F.2d 686, 690 (4th Cir.1989). Bentley's claim of unequal treatment fails on the first part of this analysis. As a segregation inmate, whether he is segregated for administrative reasons or because of a disciplinary action, he is not similarly situated to inmates in the general population. Accordingly, he may legitimately fall under different, more restrictive prison regulations in comparison to general population inmates without any infringement on his constitutional rights under the Fourteenth Amendment. Accordingly, the equal protection aspect of his complaint must be dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.

Bentley's other asserted claims are also unsupported by the sparse facts in his submissions. Because he does not allege facts indicating that he suffered any physical injury as a result of being deprived of Matzo crackers, he does not state any Eighth Amendment claim that this treatment constituted cruel and unusual punishment. See Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993). Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, VDOC administrators' failure to comply with the state's grievance procedure is not actionable under § 1983. Moreover,

- 5 -

Case 7:09-cv-00253-GEC-mfu   Document 8   Filed 07/31/09   Page 5 of 6   Pageid#: 39

because the court herein finds that Bentley fails to demonstrate any constitutional violations, none of the defendants can be held liable under § 1983 for failing to correct such violations.

## Conclusion

For the stated reasons, the court finds that plaintiff's complaint must be dismissed for failure to state a claim, pursuant to § 1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendant.

ENTER: This 31st day of July, 2009.

/s/ Jerry Conrad
United States District Judge